IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLENN BLACKWELL, et al., )
 )
        Plaintiffs, )
 )
  v. ) No. 10 C 1574
 )
ELECTRICAL INSURANCE TRUSTEES )
HEALTH AND WELFARE PLAN FOR )
CONSTRUCTION WORKERS, et al., )
 )
        Defendants. )

## MEMORANDUM ORDER

Pro se plaintiffs Glenn and Sonia Blackwell ("Blackwells") have obviously failed to grasp what transpired at the May 10 status hearing in this action, at the end of which this Court (1) granted the motion of defendants (collectively "Trustees") to dismiss this action and (2) asked that Trustees' counsel forward to Blackwells, for their review before its entry, Trustees' proposed dismissal order memorializing that ruling. Sonia Blackwell has since then sent an email asking whether this Court anticipated addressing, at what she thought would be another hearing, the aspect of Blackwells' self-prepared Complaint that had in part asserted Trustees' purported refusal to have supplied copies of documentation regarding the employee benefit plan that was the subject matter of the Complaint.

To begin with, no further proceedings have in fact been scheduled in this case, nor are any contemplated in the future. This Court's oral ruling as to dismissal, now memorialized with a

written order entered contemporaneously with this memorandum order, has dispatched the case as a final matter.

But even apart from that, Blackwells' asserted grievance referred to in the first paragraph of this memorandum order is totally without merit. Complaint Count II ¶22 refers to Blackwells as having made a request for such documents "[b]y letter dated March 30, 2007"--but Trustees' Motion Ex. 8 is a photocopy of an April 4, 2007 letter from Trustees' counsel to Blackwells' then lawyer, David Belofsky, Esq., that responded to attorney Belofsky's March 30, 2007 request by <u>enclosing</u> a copy of the Summary Plan Description--and Dkt. 17, filed a few days after the motion, is a photocopy of the Summary Plan Description that shows it took effect January 1, 1996.

Hence there is nothing to that aspect of Blackwells' Complaint. Moreover, even had that not been the case, Blackwells' substantive problem is that nothing in the Plan documentation excuses Blackwells' unauthorized retention of health benefits in excess of $11,000 that had been paid for medical expenses on behalf of an ineligible dependent--Glenn Blackwell's ex-wife.

In sum, Sonia Blackwell's recent email is empty in more than one respect. As indicated earlier, this Court is contemporaneously entering its written dismissal order in the form tendered by Trustees' counsel, which really gives Blackwells

2

more than their due by permitting the unauthorized payment to be worked off against future legitimate Plan benefits.

                                                              _____
                                                              Milton I. Shadur
                                                              Senior United States District Judge

Date:  May 19, 2010